People v Joshua J. (2025 NY Slip Op 06621)

People v Joshua J.

2025 NY Slip Op 06621

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-05112
 (Ind. No. 73286/21)

[*1]The People of the State of New York, respondent,
v
Joshua J. (Anonymous), appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered May 24, 2023, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his adjudication pursuant to Penal Law § 265.03 is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1). Contrary to the People's contention, the defendant's contention survives his purported waiver of the right to appeal (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528). However, the defendant's contention is unpreserved for appellate review (see People v Cabrera, 41 NY3d 35, 42-51). In any event, the contention is without merit (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528; People v Knight, 241 AD3d 840, 842).
Since the defendant's Bruen contention survives a waiver of the right to appeal, we need not reach the parties' contentions regarding whether the defendant's purported waiver of the right to appeal was valid.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court